# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN, et al.,
    Plaintiffs,

v.                                 Case No. 08C0822

STATE OF WISCONSIN, et al.,
    Defendants.

## DECISION AND ORDER

Plaintiffs, proceeding pro se individually and on behalf of their minor children, have filed this action against several defendants, alleging that each defendant injured them in some way and that the defendants conspired together to deprive plaintiffs of their civil rights. The allegations in the operative complaint (Docket #3) appear to relate to two proceedings in the Wisconsin state courts, one involving the paternity and custody of plaintiff April Griffin's minor child, and a criminal action against plaintiff April Griffin for interference with child custody.

A district court may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). After screening plaintiffs' complaint, I conclude that it fails to comply with Federal Rules of Civil Procedure 8 and 10, and therefore must be dismissed without prejudice.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512

(2002). Additionally, Rule 8(d)(1) requires that allegations in the complaint be simple, concise and direct. And Rule 10(b) requires a party to state its claims in numbered paragraphs, each paragraph limited as far as practicable to a single set of circumstances.

The operative complaint in the present case certainly does not meet these standards. It is not a short and plain statement of the claims, but rather a sprawling, rambling 70-page document, comprised of mostly unnumbered paragraphs and lengthy legal conclusions without much in the way of factual support or specific allegations against individual defendants. The first full seventeen pages of the complaint contain nothing but a description of various constitutional and statutory provisions, and statements of legal principles, without giving any factual context to the discussion. The complaint does identify the individual plaintiffs and gives a very vague idea as to the factual basis for their claims, but it does not connect most of the individual defendants to the factual allegations. For example, in the part of the complaint under "Plaintiff April Griffin," the only defendants specifically mentioned by name are defendants Sebuliba, the State of Wisconsin and Judge Guolee. Additionally, the complaint is completely devoid of factual allegations as to some of the named defendants (e.g. Moews, Schmidt and Fortay), except for the presence of vague legal conclusions. In short, the length and rambling nature of the complaint, which contains a whole mess of unconnected legal conclusions sprinkled with occasional facts, makes it nearly impossible to determine exactly what each defendant is alleged to have done to violate plaintiffs' rights and therefore to analyze whether there is any potential basis for liability for each defendant. The complaint is confusing, and it fails to give each defendant notice of the specific claims against and the grounds upon which each of those claims rests.

"A district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 750 (7th Cir. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." Id. (citing United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 376, 378-79 (7th Cir. 2003); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437 (8th Cir. 1983) (per curiam)). Accordingly, the plaintiffs' complaint will be dismissed without prejudice for this reason.

There are a few conclusions I can draw from screening the complaint, despite its prolixity. First, the claims against Commissioner Barry Phillips must be dismissed. The only allegation against Commissioner Phillips is that he issued a warrant in excess of his authority. It is well settled that the doctrine of judicial immunity "confers complete immunity from suit, not just a mere defense to liability." Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). This immunity extends to court commissioners as well as judges. See Wis. Stat. § 757.68 (authorizing appointment of circuit court commissioners); Wis. S.Ct. R. 75.02 (authorizing court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judges and the judges of the circuit"); Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability.) Plaintiffs' claim for damages is therefore barred by judicial immunity, as Wis. Stat. § 757.69(1)(b) authorizes circuit court commissioners to

3

issue search warrants. See Burns v. Reed, 500 U.S. 478, 492 (1991) ("the issuance of a search warrant is unquestionably a judicial act"). Any error made in issuing the warrant is insufficient to defeat immunity for the judicial act of issuing a search warrant. See Stump v. Sparkman, 435 U.S. 349, 363 n. 12 (1978) ("[I]t would not destroy a judge's immunity if it is alleged and offer of proof is made that in issuing a warrant he acted erroneously and without principle."); Tobin for Gov. v. Ill. State Bd. of Elections, 268 F.3d 517, 524 (7th Cir. 2001) ("[J]udicial officers are entitled to that immunity even when they act in error, maliciously, or in excess of their authority"). And any request for injunctive or declaratory relief against Phillips is untenable as there is nothing in the complaint to suggest that Phillips will subject plaintiffs to similar conduct in the future. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). Thus, I will dismiss defendant Phillips from this action.

Second, plaintiffs' claims under 42 U.S.C. §14141 fail, as that statute does not provide a private right of action. Rangel v. Reynolds, 607 F. Supp. 2d 911, 925 n.6 (N.D. Ind. 2009). Additionally, the Milwaukee County Circuit Court is not a suable entity, and therefore the claims against it must be dismissed.

I will give plaintiffs leave to file an amended complaint consistent with the above discussion. The new complaint should bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. Id. (citations omitted). Plaintiffs should also be mindful of the rules of civil procedure discussed

4

above when drafting their amended complaint. The allegations and claims should be short, plain, concise, simple and direct. Each paragraph should be numbered and limited to a single set of circumstances. The plaintiffs must clearly set forth what each defendant is alleged to have done. Plaintiffs should not include lengthy legal descriptions and conclusions. Plaintiffs shall file the amended complaint on or before **August 17, 2009**. If plaintiffs fail to file an amended complaint by that date, I will dismiss this case. Once I receive an amended complaint, I will screen it to ensure it complies with the Federal Rules of Civil Procedure and states valid claims against all defendants. Until I have screened the new complaint and determined that it contains viable claims, I will stay all discovery, as discovery would be premature until a valid complaint has been presented that puts defendants on notice of the claims against them. Defendants need not file an answer to the second amended complaint until I have screened it.[1]

I note that several defendants have filed motions to dismiss (Docket # 6, 15, 18, 30, 32, and 57). In light of this decision to dismiss the complaint, I will deny defendants' motions to dismiss as moot, without prejudice to defendants raising the same arguments at a later date. Several defendants have also filed motions to stay discovery or requesting a protective order (Docket # 38, 42, and 52); I will also deny these as unnecessary in light of my decision to stay discovery until I have screened the amended complaint. Likewise, I will deny plaintiffs' motion for order (Docket # 79), which is an objection to defendants' requests for a stay of discovery.

Plaintiffs have also filed several motions. First, plaintiffs have filed a motion for

---

[1] There are two motions for extensions of time pending (Docket # 4, 60). I will deny these as moot in light of this decision.

default judgment (Docket # 47) against several defendants; however, there has been no entry of default by the clerk pursuant to Fed. R. Civ. P. 55(a), thus, I will deny the motion. Plaintiffs also filed several motions for sanctions and to strike filings by defendants (Docket # 64, 67, 78, 85, and 88), particularly those filings in response to plaintiffs' motion for default judgment. Plaintiffs' arguments in support of these motions – that certain defendants and attorneys have filed false statements before this court – are largely conclusory. Plaintiffs dispute the arguments these defendants and attorneys have raised regarding the adequacy of service of process in this case. However, I see nothing to suggest that these arguments by defendants are false or in bad faith – they are legitimate arguments relating to service of process. Nor do I find them to be "scandalous," as plaintiffs suggest – certainly not nearly as scandalous as some of the assertions made in plaintiffs' filings. Therefore, I will deny these motions as well. Regarding plaintiffs' motion asking me to empanel a grand jury and appoint a special prosecutor (Docket #56), plaintiffs rely on rules governing procedure in criminal cases and criminal statutes, neither of which are applicable in this case. As to plaintiffs' motion seeking an injunction freezing defendants' assets (Docket # 93), plaintiffs have failed to demonstrate the risk of any irreparable harm that freezing assets would remedy, particularly in light of the significant prejudice to defendants were I to grant such relief, and therefore have not established that an injunction is warranted. With respect to plaintiffs' motion to compel arbitration (Docket #100), plaintiffs have not demonstrated that there is any contractual or statutory basis for compelling arbitration. Thus, I will deny these motions as well.

**Therefore,**

**IT IS ORDERED** that the amended complaint (Docket #3) is this action is

**DISMISSED**.

IT IS FURTHER ORDERED that discovery in this case is **STAYED** until further order of the court indicates that discovery may proceed.

IT IS FURTHER ORDERED that defendants Barry Phillips and Milwaukee County Circuit Court are **DISMISSED.**

IT IS FURTHER ORDERED that plaintiffs' claims under 42 U.S.C. § 14141 are **DISMISSED** for failure to state a claim.

IT IS FURTHER ORDERED that defendants' motions for an extension of time (Docket # 4, 60). are **DENIED** as moot.

IT IS FURTHER ORDERED that defendants' motions to dismiss (Docket # 6, 15, 18, 30, 32 and 57) are **DENIED** as moot.

IT IS FURTHER ORDERED that defendants' motions for a protective order (Docket # 38, 42) are **DENIED** as moot.

IT IS FURTHER ORDERED that defendants' motions to stay discovery (Docket # 52, 102) are **DENIED** as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for order (Docket # 79) is **DENIED**

IT IS FURTHER ORDERED that plaintiffs' motion for default judgment (Docket # 47) is **DENIED.**

IT IS FURTHER ORDERED that plaintiffs' motions to strike and for sanctions (Docket # 64, 67, 78, 85, and 88) are **DENIED.**

IT IS FURTHER ORDERED that plaintiffs' motions for order (Docket # 56, 93) are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel arbitration (Docket # 100), is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint on or before **August 17, 2009** in accordance with this decision; failure to file an amended complaint by that time will result in dismissal of this action.

Dated at Milwaukee, Wisconsin this 24 day of July, 2009.

/s
LYNN ADELMAN
District Judge