UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN, et al.,
         Plaintiffs,

    v.                                           Case No. 08C0822

STATE OF WISCONSIN, et al.,
         Defendant.

### ORDER

I previously dismissed plaintiffs' seventy page amended complaint for being too confusing but allowed plaintiffs to file a second amended complaint to enable them to cure the defects. Instead of doing so, plaintiffs filed motions for disqualification and recusal and relief from judgment. I denied plaintiffs' motions and again gave them the opportunity to file an amended complaint. However, I warned them that if they did not file an amended complaint within a specified time, I would dismiss the case. Instead of filing an amended complaint, plaintiffs objected to the order, claiming that amendment would be futile due to the court's perceived bias. Moreover, they renewed their motion for recusal, arguing that I should not have screened their complaint and that I should have entered a default against defendants.[1]

I now deny plaintiffs' motion and dismiss the case. This action is subject to screening under the Prison Litigation Reform Act prior to service on defendants, Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). As for plaintiffs' motion, I previously denied an identical motion. See Griffin v. Wisconsin, No. 08-822, Slip Copy, 2009 WL 3065104 (E.D.

---

[1] Plaintiffs also move for a three judge panel under a no longer operative statute.

Wis. 2009). I warned plaintiffs that I would dismiss their complaint if they failed to comply with court orders, but they have continued to do so. Plaintiffs provide no explanation for their actions.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiffs' motion for recusal and relief from judgment (Docket # 123) is **DENIED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 9 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge